# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2022

Lyle W. Cayce
Clerk

No. 20-60734
Summary Calendar

Madian Azarmabeth Gavidia-Jovel; Merida Michell
Gavidia-Jovel; Jose Kerin Gavidia-Jovel,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 495 159
BIA No. A206 495 160
BIA No. A206 495 161

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Madian Azarmabeth Gavidia-Jovel, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

affirming the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her minor children, Merida Michell Gavidia-Jovel and Jose Kerin Gavidia-Jovel, natives and citizens of El Salvador, filed separate applications for relief from removal based on the same factual premise as Gavidia-Jovel's application and are included as riders in these proceedings.

We review the BIA's decision and will consider the immigration judge's underlying decision only if it impacted the BIA's decision. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, we may not reverse a factual finding unless the petitioner demonstrates that the evidence is "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

Gavidia-Jovel contends that the BIA erred in determining that her proposed particular social group (PSG) of "young Salvadoran women from San Vicente, El Salvador, who have been maliciously prosecuted and imprisoned by the Salvadoran authorities in order to make them falsely testify against gang members" was not legally cognizable. Even if this proposed PSG included traits sufficiently independent from the group members' persecution, Gavidia-Jovel fails to demonstrate that the BIA erred in determining that she had not submitted sufficient evidence that Salvadorian society views members of the PSG as a socially distinct group. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012).

Because Gavidia-Jovel's failure to identify a legally cognizable PSG is dispositive of her requests for asylum and withholding of removal, *see id.*, we need not address her claims related to whether she established past persecution or a well-founded fear of future persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Finally, Gavidia-Jovel has not briefed

No. 20-60734

and thus has abandoned any challenge to the BIA's denial of CAT relief. *See Nunez v. Sessions*, 882 F.3d 499, 508 n.5 (5th Cir. 2018).

Accordingly, the petition for review is DENIED.